997 So.2d 604 (2008)
STATE of Louisiana, in the Interest of T.S.H., S.R.H. Jr., and S.D.H., Plaintiff-Appellee
v.
Olivia HILL, Defendant-Appellant.
No. 43,870-JAC.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
John Bradley Smitherman, for Appellant Olivia Hill.
Audie Lewis Jones, Shreveport, for Appellee State of Louisiana, DSS.
George E. Harp, Shreveport, for Appellees T.S.H., S.R.H. Jr., and S.D.H.
William Allen Haynes, for Appellee Serderrick R. Hamilton.
Before STEWART, DREW and MOORE, JJ.
DREW, J.
Olivia Hill, the birth mother of these three children, appeals the termination of her parental rights. We affirm.

FACTS
Olivia Hill is a drug addict who seriously imperiled her children both during her pregnancies, as well as after the children were born.
The oldest child, born in 2004, was dragged here and there within the filthy underworld of Louisiana's drug culture. During much of the oldest child's life, her mother was incarcerated.
The twins were born in 2007 with ethanol, THC, and cocaine in their system. The mother admitted using alcohol and controlled drugs during her most recent pregnancy. She made a few appointments for prenatal care of the twins, none of which she kept. Her twins were born before term and were sickly and underweight. After her release from the hospital, she never visited her children in the hospital.
She agreed to a reunification plan, complying with none of the required conditions.[1]
At trial in May of 2008, she did not appear.
*605 All other parties involved in the termination process agree with the disposition ordered by the Juvenile Court.
The Juvenile Court found clear and convincing evidence that termination of Hill's maternal rights was appropriate.

CONTESTED ISSUES
Hill first complains that the Department of Social Services ("the Department") did not, prior to filing the Petition for Termination, comply with the requirements of La. Children's Code Article 672.1, which allows the Department to apply to the court to forgo attempts at reunification. The argument falls legally and factually, because:
 legally, there is no lawful requirement that compliance with Article 672.1 is a precondition for the Department's filing for termination; and
 factually, the Department did prepare a reunification plan, but Hill complied with none of its provisions.
Secondly, Hill, through her able counsel, attacks the trial court's finding that the Department had proven, by clear and convincing evidence, that Hill had abandoned her children, in violation of La. Ch. C. Art. 1015(4).
This couldn't be much clearer. From the time Hill was released from jail in December of 2007, through the date of the trial in May of 2008, her whereabouts were unknown.
The Department proved, by overwhelming evidence, that termination was needed here, as per La. Ch. C. Art. 1015(4), that this mother, demonstrating a complete lack of maternal concern, had left the children with the Department and intended to permanently do so, as it was proven that:
 her whereabouts were unknown for more than four months;
 she had made no contributions to the welfare of any of the children in more than six consecutive months; and
 she had not visited or contacted the children for more than six months.
This mother has spent her adult life seeking drugs. Termination of her parental rights was proper and necessary to give her children a chance at a better life.

DECREE
We agree with the ruling of the trial court, and, accordingly, we affirm its decision to terminate the parental rights of Olivia Hill, allowing for these young children to hopefully start over in an adoptive home.
AFFIRMED.
NOTES
[1] We do note that exhibits in the record reflect that in the fall of 2007, while an inmate at Caddo Correctional Center, Hill did attend A.A. meetings.